IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO: 5:17-CV-356

RICARDO MONDRAGON, EUSTORGIO )
ESPINOBARROS FELICIANO, )
JUAN CONTRERAS, CUTBERTO ORTIZ )
HERNÁNDEZ, RAMÓN ORTIZ )
HERNÁNDEZ, ALEJANDRO JIMENEZ )
GONZALEZ, RENATO ROMERO )
ACUÑA, JOSÉ TAPIA, ANASTACIO )
LOPEZ SOLIS, and ABDON QUIRASCO )
SIXTECO, on behalf of themselves and all )
other similarly situated person, )
                                               )
                    Plaintiffs, )
                                               )
v. )
                                                 )
SCOTT FARMS, INC., ALICE H. SCOTT )
LINWOOD H. SCOTT, JR., LINWOOD H. )
SCOTT III, DEWEY R. SCOTT, JFT )
HARVESTING INC., JUAN F. TORRES )
OASIS HARVESTING, INC., )
and RAMIRO B. TORRES )
                                                 )
                    Defendants. )
_____)

**PLAINTIFFS' RESPONSE TO SCOTT DEFENDANTS' MOTION
TO FILE UNDER SEAL**

**I.     Nature of the Case**

       This case is a class and collective action filed by North Carolina farmworkers against their employers, alleging failure to pay promised wages and overtime under the North Carolina Wage and Hour Act and Fair Labor Standards Act, as well as a number of violations of the Migrant and Seasonal Agricultural Worker Protection Act. DE 58.

1

## II. Facts

The parties entered into a Consent Protective Order which was signed by Judge Boyle on December 6, 2017. DE 37. That Order specifically excludes certain categories of records and information from the scope of its protection. DE 37 at 6 (¶3). Among the records and information excluded are:

> 4) The electronically stored information (ESI) that the Defendants disclose in the form of printed individual wage statements of the named Plaintiffs.
>
> 5) Payroll records or ESI with information of the type contained in the "Wage Statements" described in ¶3.a.4. of this Order for any workers who were paid based upon the number of hours they worked or the number of units of production they produced.

*Id*. at 6 (¶3.a.4.-5.).

That Order also sets forth a process by which the parties are to confer if any party disagrees with the designation of any information as confidential. If agreement cannot be reached, then the party seeking the confidential designation may file a motion. *Id*. at 12 (¶3. b.10). On October 17, 2018, Plaintiffs' Counsel Carol Brooke notified the Scott Defendants' Counsel that Plaintiffs sought to file as an exhibit to Memorandum In Support of Plaintiffs Renato Romero Acuña and Abdon Quirasco Sixteco's Motion for Conditional Certification of a Collective Action ("Plaintiffs' Motion"), DE 99 at 9 fn. 5 (referring to Exhibit 5), a number of documents titled Employee Wages by Department, which the Scott Defendants had designated as confidential. DE 103-2. The records contain the employee identification number, name, date, batch number, job ID, number of hours, number of units, and pay. No Social Security numbers or employee addresses appear in these records. The Scott Defendants filed their Motion to Seal that exhibit on October 26, 2018 ("Defendants' Motion"). DE 102.

2

### III. Legal Standard

The Fourth Circuit outlined the legal standard for access to judicial records in *Stone v. University of Maryland*, 855 F.2d 178, 180 (1988) as follows:

> The common law presumes a right to inspect and copy judicial records and documents. The common law presumption of access may be overcome if competing interests outweigh the interest in access … Where the First Amendment guarantees access, on the other hand, access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.

First Amendment considerations come into play where there is a history of openness to the press and public with respect to these types of documents and whether public access "plays a significant positive role in the functioning of the particular process in question" (the "experience and logic" test), and only apply to certain records. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (*quoting Press-Enterprise Co. v. Superior Court,* 478 U.S. 1, 8 (1986)); *see also In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 291 (4th Cir. 2013) (adopting the experience and logic test). The Fourth Circuit has not determined whether a First Amendment right of access exists with respect to a non-dispositive pretrial motion. *Guessford v. PA Nat'l Mutual Casualty INS. Co.*, 1:12CV260, 2014 WL 12594127, at *2 (M.D.N.C. Sept. 30, 2014).

The common law interest in open access applies to all judicial records. *Stone*, 855 F.2d at 180. Judicial documents are those documents that "play a role in the adjudicative process, or adjudicate substantive rights." *In re U.S. for an Order,* 707 F.3d at 290. Documents filed "with the objective of obtaining judicial action or relief" meet the definition of judicial records. *Id.* at 291. This includes documents filed in conjunction with a motion for conditional certification of a Fair Labor Standards Act (FLSA) collective action. *Olvera v. Mazzone Management Group*, 1:16-cv-502 (BKS/DJS), 2018 WL 2137882, at * 1 (N.D.N.Y. May 9, 2018); *Guessford,* 2014 WL

12594127, at *2 (documents in conjunction with motion filed with the objective of obtaining judicial action are judicial records).

Where the common law presumption of access applies, the court uses a balancing test to determine whether the presumption can be overcome, looking at "[w]hether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re The Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (*citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-608 (1978)). Only strong countervailing interests outweigh the presumption of access. *Guessford*, 2014 WL 12594127, at *3.

Where the privacy interests of a non-party are at issue, the court looks at the extent to which the information contained in the records is traditionally considered to be private. Records such as "financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters" would weigh in favor of confidentiality, with records relating to "conduct affecting a substantial portion of the public" weighing in favor of open access. *Lytle v. JPMorgan Chase*, 810 F. Supp.2d 616, 622 (S.D.N.Y. 2011). Next the court considers how the non-party might be injured by a disclosure, looking at whether the information and subject matter is sensitive and how the information could be used. Lastly, the court looks at whether the information is reliable and if the non-party would have the opportunity to respond to any accusations contained therein. *Id.*

Privacy interests related to the payroll records of non-parties have sometimes been found to outweigh the public's interest in access, but this is generally only when the contents of those records are not at issue in the case as they are in FLSA cases. *See Guessford*, 2014 WL

12594127, at *4; *Butler v. DirectSAT USA, LLC*, 55 F. Supp. 3d 793, 820 (D. Md. 2014) (personnel documents necessary to compute statute of limitations on a FLSA claim will not be sealed). Where records are required by statute to be maintained, and can be inspected by regulatory agencies, the expectation of privacy by the business maintaining those records is lower. In a case involving a company challenging whether injury and illness logs required by the Occupational Safety and Health Act to be maintained by an employer must be produced without a search warrant, the Fourth Circuit held that the privacy interests are diminished "[w]here the records are required to be kept and are subject to inspection." *McLaughlin v. A.B. Chance Co.*, 842 F.2d 724, 727 (4th Cir. 1988). The Southern District of Georgia held in a FLSA case that there is a low expectation of privacy with respect to payroll records of non-parties. This is so because such records are not the personal property of the employees but rather are business records that the employer is required by statute to maintain, and also because the employer must produce these records for inspection. *Donovan v. Lynn's Food Stores, Inc.*, No. 181-169, 1981 U.S. Dist. LEXIS 17619, **5-7 (S.D. Ga. Dec. 21, 1981). Holding otherwise, the court said, would frustrate the purpose of 29 U.S.C. § 211(c), which requires employers to maintain records of the wages and hours of their employees. *Id*. at **6-7.

The public policy reason for open access to payroll records is even greater where the plaintiffs are seeking to represent a collective action under the FLSA. The District of Maryland held that where such records are filed in conjunction with a motion to certify a collective action, documents related to how employees were paid should not be sealed. *Butler v. DirectSAT USA, LLC*, 47 F. Supp.3d 300, 316 (D. Md. 2014) (denying a request to seal documents related to a motion to decertify when those documents were previously sealed in connection with a discovery dispute). The reasons are the same as those relied upon by courts in the Fourth Circuit that have

5

rejected confidential settlements under the FLSA because of the public policy interest in promoting transparency in FLSA cases. *See, e.g., Owino v. IBM Corp.*, No. 1:12-CV-1041, 2013 WL 2947146, at *2 (M.D.N.C. June 14, 2013); *Galvez v. American Services Corp.*, No. 1:11cv1351 (JCC/TCB), 2012 WL 1715689, at *4 (E.D. Va. May 15, 2012) (rejecting a confidential FLSA settlement because FLSA rights are "public-private," notice of these rights is required to be posted publicly, and the Congressional intent to ensure compliance is harmed by "silencing the employee who has vindicated a disputed FLSA right"). Without such transparency, other employees may discover they have not been paid the wages owed to them under the FLSA. *See, e.g., Kianpour v. Restaurant Zone, Inc.*, Civil Action No. DKC 11-0802, 2011 U.S. Dist. LEXIS 97205, at *6, 2011 WL 3880463, at * 2 (D. Md. Aug. 30, 2011) (protecting the employer from "potentially being targeted for further litigation" is not a basis to seal documents in a FLSA case); *Boone v. City of Suffolk, VA*, 79 F. Supp.2d 603, 609 (E.D. Va. 1999).

**IV.     Argument**

**A.      The Documents in Question Are Not Confidential Under the Terms of the Consent Protective Order.**

The Consent Protective Order entered into by the parties in this case provides an explicit exception for the records at issue in Defendants' Motion. Paragraph 3.a.5 states, "The restrictions set forth in this Order shall not apply to: 5) Payroll records or ESI with information of the type contained in the "Wage Statements" described in ¶3.a.4. of this Order for any workers who were paid upon the number of hours they worked or the number of units of production they produced." DE 37 at 6. The "Wage Statements described in ¶3.a.4." are "The electronically stored information (ESI) that the Defendants disclose in the form of printed individual wage statements of the named Plaintiffs." *Id.*

The Employee Wages by Department documents contain the names, date hours worked, and gross wages paid each week to each employee listed. They are not individual wage statements like those attached in Exhibits 3 and 4 to Plaintiffs' Motion. DE 99-3, 99-4. However, they contain some of the "information of the type contained in the 'Wage Statements,'" and thus fall within the exception outlined in Paragraph 3.a.5. DE 37 at 6.[1]

To the extent the Court finds any ambiguity in the whether the documents in question fall into the exception, that ambiguity should be resolved in favor of disclosure. This is so because the Defendants have the burden of proof under both the Consent Protective Order and Rule 26(c), Fed. R. Civ. P., to show the documents should be confidential. DE 37 at 12 (¶10); *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991) ("[t]he burden of showing good cause resets with the party requesting the protective order").

**B.     Defendants Cannot Overcome the Presumption of Access to Payroll Documents Attached to a Motion for Conditional Certification of a FLSA Collective Action.**

Defendants have not demonstrated the strong countervailing interest required to overcome the common law presumption of access to the judicial records at issue. *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). In fact, the only articulable interest they have put forth is a general one related to the "private and sensitive" nature of the information. DE 103 at 8.

The cases cited by Defendants in which payroll records have been designated confidential have been discovery cases, not those in which the documents at issues were judicial

---

[1] Defendants point out that Plaintiffs have asserted the Employee Wages by Department documents are not payroll records. DE 103 at 5. Plaintiffs have objected that the Employee Wages by Department documents are not responsive to Plaintiffs' request in their First Request for Production No. 22 for "pay envelopes or receipts, itemized written statements or other such pay or wage statements provided … to any Plaintiff, worker, migrant agricultural worker, H-2A worker, and/or seasonal agricultural worker." DE 71-1 at 24 (¶22). However, the Employee Wages by Department documents contain some (but not all) of the information of the type contained in pay or wage statements. DE 103-1 at 5 (¶12) at 5. Therefore, they fall within the exception for payroll records contained in the Consent Protective Order. DE 37 at 6 (¶3.a.5).

records filed in conjunction with a motion in which the meaning of the content of the records is an issue before the court. DE 103 at 5-6. In *Ying-Jun Chen v. Maryland Dept. of Health and Mental Hygiene*, CV ELH-15-1796, 2017 WL 1533988, at *3 (D. Md. Apr. 27, 2017), the court ordered that wage records produced in discovery be marked as confidential. However, those records related to employment that predated the termination at issue in the case. Furthermore, these were not judicial records and the contents of the records did not relate to the plaintiff's underlying claims. *Id*. ("Discovery of Plaintiff's records prior to his termination bears minimal relevance to his lost wages claim and has the potential to uncover intrusive information that is not relevant to the present action") (internal quotations omitted). *Prusin v. Canton's Pearls, LLC*, CV JKB-16-605, 2017 WL 1316919, at *2 (D. Md. Apr. 7, 2017), cited by Defendants, is a FLSA case where a single plaintiff not alleging a collective action sought the payroll records of a non-party in discovery. The plaintiff was not seeking to introduce them as judicial records. *Id*. The final case cited by Defendants involves a motion for protective order, not a motion to seal a judicial record. *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66 (S.D.N.Y. 2010).

Defendants also cite to *Butler v. DirectSAT USA, LLC*, 47 F.Supp.3d 300, 317 (D. Md., 2014), in which some documents previously sealed in the context of a discovery dispute were ordered to be unsealed in the context of a motion to decertify a collective action and where the court declined to seal timesheets and earnings records. With respect to the personnel files that were ordered to be sealed, that court stated, "the parties are on notice that in a different context there may not be sufficient justification to seal if, for instance, Defendants are asserting a statute of limitations defense and need to prove when a technician stopped working." *Id*. In fact, the court later rejected a request to seal those documents filed in connection with a motion for summary judgment. 55 F. Supp. 3d 793, 820 (D. Md. 2014).

8

Defendants concede that Plaintiffs do not seek to use the records for an improper purpose. DE 103 at 9. Rather, Plaintiffs need them to show that the potential members of the collective action are similarly situated. DE 99 at 9. Access to these records would not cause injury to the non-party plaintiffs. In fact, such access would increase the chances that these individuals would learn that their rights under the FLSA may have been violated.

Presumably, Defendants would agree that the information contained within their own records that are the subject of their Motion is reliable. The employer is required to maintain such records under a variety of federal wage and hour regulations, and to make that information available for inspection by the U.S. Department of Labor. 29 U.S.C. §§ 211(c), 1821(d)(1) and (e), 1831(c)(1) and (d), and 29 C.F.R. § 516.2. As such, as explained in Section III above, the information does not fall into the category of that which is traditionally considered private.

Defendants therefore cannot overcome the strong presumption in favor of the common law right of access to judicial records filed in conjunction with a motion for conditional certification of a FLSA collective action.

**V.     Conclusion**

For the reasons described above, Defendants' Motion to Seal should be denied.

This, the 12th day of November, 2018.

                                    Respectfully submitted,

                                    NORTH CAROLINA JUSTICE CENTER
                                    P.O. Box 28068
                                    Raleigh, NC 27611
                                    (919)856-2144
                                    (919)856-2175 fax

                        BY:    /s/Carol L. Brooke
                                    Carol L. Brooke
                                    (919)856-2144

carol@ncjustice.org
Attorney at Law
NC Bar #29126
Co-Counsel for Plaintiffs




LAW OFFICE OF ROBERT J. WILLIS, P.A.
488 Thompson Street
Pittsboro, NC  27312
(mailing address)
P.O. Box 1828
Pittsboro, NC  27312

BY: /s/Robert J. Willis
Robert J. Willis, Esq.
Attorney at Law
NC Bar #10730

(919) 821-9031 telephone
(919)821-1764 facsimile
Co-Counsel for Plaintiffs
rwillis@rjwillis-law.com

CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Marshall Wall, Esq.
Laura Dean, Esq.
Andrew Jackson, Esq.

    This the 12th day of November, 2018.

    /s/ Carol L. Brooke
    Carol L. Brooke, Esq.
    N.C. Bar No.: 29126

11

Case 5:17-cv-00356-FL   Document 105   Filed 11/12/18   Page 11 of 11