## Settlement Agreement

Plaintiffs Ricardo Mondragon, Eustorgio Espinobarros Feliciano, Juan Contreras, Cutberto Ortiz Hernandez, Alejandro Jimenez Gonzalez, Renato Romero Acuna, Jose Tapia, Anastacio Lopez Solis, and Abdon Quirasco Sixteco (collectively "Plaintiffs") and Scott Farms, Inc., Linwood H. Scott, Jr., Alice H. Scott, Linwood H. Scott, III, and Dewey R. Scott (collectively "Defendants") hereby make the following preliminary agreement as the result of a mediated settlement conference held on 31 July 2019 and subsequent settlement negotiations:

1. Defendants will pay the total amount of $775,000.00 to resolve all claims asserted by Plaintiffs in the lawsuit designated as 5:17-CV-356-FL (Eastern District of North Carolina).
2. Of the total settlement amount, $175,000.00 will be designated as attorneys' fees and costs, subject to approval of the Court.
3. The remainder of the settlement amount, $600,000.00, will be designated as damages to the Plaintiffs and the classes they purport to represent and will be divided among the various claims asserted by Plaintiffs as determined by Plaintiffs' counsel, subject to approval of the Court. Plaintiffs will request Court approval for payment of some amount as incentive payments to the Plaintiffs named in the Complaint, which will be paid from the damages allocated to the Plaintiffs. Defendants will not oppose this request.
4. Defendants will be responsible for the cost of administration of this settlement.
5. This settlement covers the period from 15 September 2014 through 14 August 2019 and will resolve all claims under the North Carolina Wage and Hour Act, Fair Labor Standards Act, and/or Migrant and Seasonal Agricultural Worker Protection Act that Plaintiffs and any class or collective action members they seek to represent may have against the Defendants through 14 August 2019.
6. One-half of the damages under the NCWHA and the FLSA will be characterized as back wages and subject to withholding. No withholdings will be made from the one-half of the NCWHA and FLSA damages characterized as liquidated damages nor from the damages attributed to the AWPA claims. Defendants will provide proper tax forms (1099 and/or W-2). Any 1099 issued will show "other income" on line 3. Defendants will withhold and pay the employer's share of all taxes and make all required withholdings. For those class and collective action members from whom income tax has been withheld by any of the Defendants in the current or immediately preceding calendar year, withholding on back wages shall be made using the aggregate method. 26 CFR 31.3402(g)-1(a)(6). For the remaining class and collective action members, withholding on back wages shall be based on a 365-day miscellaneous pay period.

**EXHIBIT 2**

7. The parties anticipate that checks should be issued through the Scott Farms payroll to putative class and collective action members who are current employees and may be mailed to former employees at their last known address without a formal claims process. However, to the extent a class member needs to make a claim against the settlement fund, any putative member of the class or collective action may present any kind of photo ID which on its face appears to be issued by some government entity or is a Scott Farms ID, where the name on the photo ID matches the name on the payroll of Scott Farms, Inc., with the understanding that common misspellings of Hispanic names will not be grounds for rejecting the ID.
8. Defendants will make the payments set out in this agreement within thirty (30) calendar days of final approval of this settlement by the Court.
9. As was done in *Aguilar-Gamas*, any damages that are unclaimed after the date falling one year after the final approval of this settlement by the Court will be divided in equal shares among the *cy pres* organizations North Carolina Interest on Lawyers Trust Accounts and Campaign for Migrant Worker Justice.
10. Except as set out above, the parties will be responsible for their own attorneys' fees and costs related to this action. Within 30 days of the execution of this Settlement Agreement, the parties shall file a joint motion for preliminary approval of this Settlement Agreement and to send notice to the putative class members of the settlement. Defendants shall prepare the first draft of the proposed joint motions, notices, and orders and the parties shall work together to file a final version of each within the 30-day deadline.
11. For a three (3) year period starting from 18 August 2019, during any time period(s) covered by any certified H-2A clearance order for H-2A workers at Scott Farms, Inc., Scott Farms, Inc. shall pay the Adverse Effect Wage Rate to all Scott Farms, Inc. employees who perform work included within the following job classifications:

> **ONET SOC code 45-2092.00 - Farmworkers and Laborers, Crop, Nursery, and Greenhouse**
>
> Manually plant, cultivate, and harvest vegetables, fruits, nuts, horticultural specialties, and field crops. Use hand tools, such as shovels, trowels, hoes, tampers, pruning hooks, shears, and knives. Duties may include tilling soil and applying fertilizers; transplanting, weeding, thinning, or pruning crops; applying pesticides; or cleaning, grading, sorting, packing, and loading harvested products. May construct trellises, repair fences and farm buildings, or participate in irrigation activities.
>
> **ONET SOC Code 45-2091.00 - Agricultural Equipment Operators**

Drive and control farm equipment to till soil and to plant, cultivate, and harvest crops. May perform tasks, such as crop baling or hay bucking. May operate stationary equipment to perform post-harvest tasks, such as husking, shelling, threshing, and ginning.

or any other ONET SOC code used on such certified H-2A clearance order(s) for H-2A workers who will perform work at Scott Farms, for any labor certification for temporary agricultural employment in the United States issued by the U.S. Department of Labor and/or any other agency of the government of the United States that may later assume responsibility for such certification. The obligation of Scott Farms, Inc. to pay the Adverse Effect Wage Rate for a particular agricultural season shall end if the petitioners for H-2A workers at Scott Farms declare contract impossibility pursuant to 20 C.F.R. § 655.122(o). If any of the parties believe there has been a violation of this paragraph, counsel for the parties shall notify each other in writing at least 30 days in advance of the date on which any petition to enforce any provision of the settlement agreement is filed, and shall thereafter confer in good faith to resolve any perceived violation(s) of its terms before seeking judicial intervention.

12. If required by law, notice to the appropriate federal and state officials in accordance with the Class Action Fairness Act shall be made by Defendants within ten (10) days after the filing of the joint motion for preliminary approval of this Settlement Agreement.

The parties will execute such further and more detailed releases or settlement agreements as may be required but this document shall constitute a binding settlement agreement as all matters set forth in it.

| *Carol Y. Brooke* | *[signature]* |
|---|---|
| Counsel for Plaintiffs | Counsel for Defendants |
| *Robert J. Willis* | |
| Counsel for Plaintiffs | |

4826-2010-0510, v. 2