UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:17-cv-356-FL

| | |
|---|---|
| RICARDO MONDRAGON, EUSTORGIO ESPINOBARROS FELICIANO, JUAN CONTRERAS, CUTBERTO ORTIZ HERNÁNDEZ, ALEJANDRO JIMENEZ GONZALEZ, RENATO ROMERO ACUÑA, JOSÉ TAPIA, ANASTACIO LOPEZ SOLIS, and ABDON QUIRASCO SIXTECO, on behalf of themselves and all other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT FARMS, INC., ALICE H. SCOTT, LINWOOD H. SCOTT, JR., LINWOOD H. SCOTT III, DEWEY R. SCOTT, JFT HARVESTING INC., JUAN F. TORRES OASIS HARVESTING, INC., and RAMIRO B. TORRES <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ORDER APPROVING CLASS AND COLLECTIVE ACTION
CERTIFICATION UNDER RULE 23(b)(3)**

This matter is before the Court on the parties' joint motion for class action certification. Plaintiffs filed their Third Amended Complaint on May 15, 2018 alleging claims for relief under four legal theories.

In the Third Amended Complaint, Plaintiffs Espinobarros Feliciano, Contreras, Romero Acuna and Quirasco Sixteco (collectively "FLSA plaintiffs") assert an FLSA collective action seeking payment of back wages and liquidated

1

damages under 29 U.S.C. § 216(b) based upon the defendants' alleged failure to pay FLSA plaintiffs and the members of the collective action that they sought to represent the overtime rate required by § 207(a) of the FLSA. [DE 58 at ¶¶166-69, 179-81].

Plaintiffs also alleged two (2) separate class actions under the North Carolina Wage and Hour Act ("NCWHA"), and an additional class action claim under the Migrant and Seasonal Agricultural Workers Protection Act ("AWPA"). [DE 58 at ¶¶ 146-51, 152-57, 158-63, 170-172, 173-75, 176-78]. First, all plaintiffs sought to bring a NCWHA class action seeking back wages and liquidated damages based upon the alleged failure of the Defendants to pay the named Plaintiffs and members of the class the Adverse Effect Wage Rate ("AEWR") in violation of North Carolina General Statute § 95-25.1, *et seq*. [DE 58, ¶¶ 152-57, 173-75]. Second, Plaintiffs Espinobarros Feliciano, Contreras, Romero Acuña and Quirasco Sixteco sought to bring a NCWHA class action for back wages and liquidated damages based upon the alleged failure to the defendants to pay promised wages for those workweeks when the plaintiffs worked in excess of 40 hours when that work include in part of the unloading, packing and/or processing of sweet potatoes that were produced by persons or entities other than the Defendants pursuant to N.C. Gen. Stat. § 95-25.1, *et seq*. [DE 58, ¶¶ 158-63, 176-77]

The AWPA class action asserted by all Plaintiffs seeks statutory or actual damages based upon the Defendants' alleged violation of a series of AWPA statutory rights, including, but not limited to providing false and

misleading information, failing to comply with the working arrangements and failing to pay members of the class wages when due. [DE 58 at ¶¶ 146-51, 170-72].

Defendants denied the claims against them and asserted various affirmative defenses. [DE 123].

The Plaintiffs and Defendants have negotiated a settlement agreement in this action which includes relief on a class wide basis for the Plaintiffs' claims under the AWPA and NCWHA for Defendants' alleged failure to pay the AEWR, and relief for a collective action of similarly situated employees for Plaintiffs' overtime claims under the FLSA. For settlement purposes only, Defendants consent to and join in the Joint Motion for Class Certification under Rule 23(b)(3) ("Joint Motion") pursuant to the Settlement Agreement reached between the parties, which is the result of compromise to resolve the disputes between them and does not constitute an admission of any liability to any party. [DE 208].

Accordingly, pursuant to the Settlement Agreement, the parties now seek to certify two classes. First, the parties move the Court, pursuant to Federal Rule of Civil Procedure 23, to certify a class represented by all Plaintiffs defined as follows:

> All non-H-2A migrant and seasonal agricultural workers (as the terms "migrant agricultural worker" and "seasonal agricultural worker" are defined in 29 U.S.C. §§ 1802(8) and 1802(10) and 29 C.F.R. §§ 500.20(p) and 500.20(r)) who were employed by one or more of the Defendants to perform any job task listed in the H-2A clearance order or any job task actually performed by any H-2A worker at Scott Farms from September 15, 2014 through August 14, 2019.

3

4814-0653-1498, v. 1

This class will be referred to as the AWPA Class.

Second, the parties move the Court, pursuant to Federal Rule of Civil Procedure 23, to certify a class represented by all Plaintiffs defined as follows:

> All non-H-2A farmworkers who were employed by one or more of the Defendants when, during the time period covered by an H-2A clearance order for work to be performed at Scott Farms, they performed any job task listed in the H-2A clearance order or any job task actually performed by any H-2A worker at Scott Farms from July 17, 2015 to August 14, 2019.

This class will be referred to as the NCWHA #1 Class.

## I. CLASS CERTIFICATION MOTION

When a settlement is reached prior to Rule 23 certification, the law permits a class to be certified solely for the purposes of settlement. *Covarrubias v. Capt. Charlie's Seafood, Inc.,* 2011 WL 2690531 (E.D.N.C., July 06, 2011), at *2. There is a strong judicial policy in favor of settlement. *See Bennett v. Behring Corp.*, 737 F. 2d 982, 986 (11th Cir. 1984). The parties seeking class certification must still meet the four prerequisites of Federal Rules of Civil Procedure 23(a)(1) through (4) and then must establish that they constitute a proper class of at least one of the types delineated in Rules 23(b)(1) through (3). However, in those cases, courts do not need to inquire whether the class will be manageable at trial because the settlement makes a trial unnecessary. *Anchem Products v. Windsor*, 521 U.S. 591, 620 (1997).

As detailed below, Plaintiffs' Third Amended Complaint and the information submitted in support of the Joint Motion are sufficient to satisfy the requirements of Rule 23(a) and establish that the Class Plaintiffs seek to represent also qualify under Rule 23(b)(3).

4

4814-0653-1498, v. 1

**A. Named Plaintiffs are Members of and have Precisely Defined the Class They Seeks to Represent.**

The court must make two initial determinations before determining whether to certify a class action: that a precisely defined class exists, *Haywood v. Barnes*, 109 F.R.D. 568, 576 (E.D.N.C. 1986), and that the class representative is a member of the proposed.

The first class is a class represented by all Plaintiffs defined as follows:

> all non-H-2A migrant and seasonal agricultural workers (as the terms "migrant agricultural worker" and "seasonal agricultural worker" are defined in 29 U.S.C. §§ 1802(8) and 1802(10) and 29 C.F.R. §§ 500.20(p) and 500.20(r)) who, during the time period covered by an H-2A clearance order for work to be performed at Scott Farms, were employed by one or more of the Defendants to perform any job task listed in the H-2A clearance order or any job task actually performed by any H-2A worker at Scott Farms from September 15, 2014 through August 14, 2019.

This class will be referred to as the AWPA Class. Each Plaintiff claims that he worked for Defendants as a "seasonal agricultural worker" during the relevant time period. Plaintiffs also alleged that each of them worked in positions constituting "corresponding employment" with H-2A workers during the period in question. Therefore, they are all members of the AWPA Class that they seek to represent.

The NCWHA Class #1 is represented by all Plaintiffs defined as follows:

> All non H-2A farmworkers who were employed by one or more of the Defendants when, during the time period covered by an H-2A clearance order for work to be performed at Scott Farms, they performed any job task listed in the H-2A clearance order or any job task actually performed by any H-2A worker at Scott Farms from July 17, 2015 to August 14, 2019.

The Plaintiffs are non H-2A farmworkers employed by Scott Farms Inc. and

5

allege that they performed work in "corresponding employment" to H-2A workers during the relevant time period. Thus, again, they are members of the NCWHA Class #1 they seek to represent.

For the reasons stated above, each of the classes are sufficiently precise and Plaintiffs are members of these classes. *Haywood*, 109 F.R.D. at 576.

**B. The Numerosity, Commonality, Typicality and Adequacy Requirements of Rule 23(a) are Satisfied with regard to the Classes.**

A class action under Rule 23, Fed.R.Civ.P., "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982) ("*Falcon*"). Thus, "*Falcon* requires the trial court to engage in an extensive factual analysis at the certification stage in order to satisfy itself that the requirements of Rule 23 have been met." *Haywood*, 109 F.R.D. at 575. However, the trial court does not examine the merits of the underlying claims when it decides a motion for class certification. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974); *see also Covarrubias*., 2011 W 2690531, *3.

Courts should "give Rule 23 a liberal rather than a restrictive construction, adopting a standard of flexibility in application which will in the particular case best serve the ends of justice for the affected parties and . . . promote judicial efficiency." *Gunnells v. Health Plan Services, Inc.*, 348 F.3d 417, 424 (4th Cir. 2003) (citing *In re A.H. Robins,* 880 F.2d 709, 740) (4th Cir. 1989), *cert. den., Anderson v. Aetna Cas. and Sur. Co.*, 493 U.S. 959 (1989)), *cert. den., Healthplan Services, Inc. v. Gunnells*, 542 U.S. 915 (2004); *see also Kidwell v. Transportation Communications International Union*, 946 F.2d 283, 305 (4th Cir. 1991), *cert. den.*, 503 U.S. 1005

6

(1992) ("[t]rend is to give Rule 23 a liberal construction."); *Rodger v. Electronic Data Systems Corp*, 160 F.R.D. 532, 535 (E.D.N.C. 1995).

1. **The AWPA and NCWHA Classes are sufficiently numerous and joinder is impracticable.**

The numerosity requirement of Rule 23(a)(1), Fed.R.Civ.P., mandates that the class be "so numerous that joinder of all members is impracticable." There is no set number of members necessary for class certification and the decision to certify or not certify a class must be based upon the particular facts of each case. *See Haywood*, 109 F.R.D. at 576-77 (courts have "certified classes composed of as few as eighteen… and twenty-five members") (citations omitted).

The proposed AWPA settlement class includes 122 people who worked for Defendants. The proposed NCWHA #1 settlement class includes 189 people. Although there are a sufficient number of putative class members to establish numerosity, this Court's analysis should not be limited to numbers alone. *See Rodger*, 160 F.R.D. at 536-537. Here, the presumption of numerosity should also stand because joinder of all members of the class is all but impossible. Where, as in this case, class members are geographically dispersed, lack sophistication, and are non-English speaking migrant workers, courts have found that such additional factors make joinder impracticable. *See Gaxiola v. Williams Seafood of Arapahoe, Inc.,* 776 F.Supp.2d 117, 130 (EDNC 2011); *Covarrubias*, 2011 WL 2690531 at 4; *Rodriguez v. Berrybrook Farms, Inc.,* 672 F. Supp. 1009, 1013-1014 (W.D. Mich. 1987)*; Leyva v. Buley,* 125 F.R.D. 512, 515 (E.D. Wash. 1989).

Furthermore, Plaintiffs contend that the named Plaintiffs and members of the AWPA Class and NCWHA Classes are "economically disadvantaged, making

7

individual suits difficult to pursue." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993). Because the number of class members is sufficient and the circumstances do not make joinder a practical alternative, the class meets the Rule 23(a)(1) standard for numerosity.

### 2. There are common questions of law and fact.

Under the "commonality" requirements of Rule 23(a)(2), Fed.R.Civ.P., at least one common question of law or fact must exist among class members. *See Haywood*, 109 F.R.D. at 577-78. It is not necessary, however, that all of the questions of law or fact in a case be common to all putative class members, but only that "a single common question . . . exist." *Rodger*, 160 F.R.D. at 537. "Indeed, a single common question is sufficient to satisfy the rule." *Haywood*, 109 F.R.D. at 577. In *Hernandez Garcia*, the named Plaintiffs were crab workers who had claims related to payment for housing and knives that were not shared by dock workers. However, the Court found there were common issues of law and fact between the Plaintiffs and the dock workers related to payment of visa and transportation costs such that commonality existed. *See Hernandez Garcia* Order at 5; *see also*, *Haywood*, 109 F.R.D. at 577 (holding that "class certification will not be defeated solely because there are some factual variations among the members' grievances").

Here, named Plaintiffs and the other putative class members were all paid on an hourly basis and share common questions of law or fact for each of the respective classes.

For the AWPA class, the common questions of law or fact include whether the Defendants provided false information to the class members about the availability of H-2A positions and how much class members were owed for that work and

8

whether Defendants paid class members less than the AEWR while employing H-2A workers;." [DE 58, ¶ 148].

For the NCWHA Class #1 class, the common questions of law or fact are whether Defendants are joint employers of H-2A workers and the class members, whether class members performed the same authorized or unauthorized task as H-2A workers, and whether Defendants failed to pay class members a promised rate while they employed H-2A workers. [DE 58, ¶ 154].

Therefore, the commonality requirement is satisfied.

### 3. The named Plaintiffs' claims are typical of those of the Class.

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of the claims or defense of the class. *Haywood*, 109 F.R.D. at 578. "The claim of a party is typical if it arises from the same event or course of conduct which gives rise to the claims of other class members and is based on the same legal theory." *Id*. "[T]he requirements of commonality and typicality tend to merge" in that "[b]oth serve as guideposts for determining whether under particular circumstances maintenance of a class action is economical and whether the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Falcon*, 457 U.S. at 157 n. 13. The typicality requirement does not require that all of the putative class members share identical claims. *Rodger*, 160 F.R.D. at 538 ("A court may determine that the typicality requirement is satisfied even when the plaintiffs' claims and the claims of the class members are not identical"). The prerequisite is only that Plaintiffs' claims be common, and "class representatives must not have an interest that is antagonistic

9

to that of the class members." *Id*.

The allegations in Plaintiffs' Third Amended Complaint meet the requirements of Rule 23(a)(3) with respect to each of the Classes. The named Plaintiffs' claims and the claims of the respective Class members arise from the same practices and course of conduct by Defendants.

The named Plaintiffs and the members of the proposed AWPA Class and proposed NCWHA Class #1 were all employees of Defendants and all allegedly performed work in "corresponding employment" during the relevant time period.

The claims of the named Plaintiffs and proposed Class members are based on the same legal theory. Therefore, the named Plaintiffs have established that the claims under the AWPA and the NCWHA are "typical" of the claims of the Classes each seeks to represent.

**4. The Named Plaintiffs are Adequate Representatives of the Class.**

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This is a two-part inquiry to determine: (1) whether the class representatives' claims are sufficiently interrelated to and not antagonistic with the class' claims and (2) that legal counsel is qualified, experienced and generally able to conduct the litigation. *Rodger*, 160 F.R.D. at 539; s*ee also Haywood*, 109 F.R.D. at 578. Each of the named Plaintiffs meets these requirements with respect to the proposed AWPA Class and the NCWHA Classes.

Each of the named Plaintiffs meets the first requirement by demonstrating their consistent involvement in the litigation. *Id.* at 578-79. Here, as in *Haywood*, the named Plaintiffs have a common interest with class members in the litigation,

10

possess a personal financial stake in the outcome, consulted regularly with Class Counsel, were involved with the discovery responses by responding to written discovery and, additionally, three named plaintiffs were deposed, and five of the named Plaintiffs participated in person in a lengthy mediation to resolve these claims, while the other named Plaintiffs were available by phone. *Id.;* Declaration of Carol L. Brooke in Support of Joint Motion for Preliminary Approval of Collective Action and Class Action Settlement, ("Brooke Decl.") [DE 202-3], ¶¶ 12-14. The named Plaintiffs each understood their obligation as class representative in the event that the Court certified this as a class action with respect to AWPA claims and/or the NCWHA claims. *See* Brooke Decl., ¶¶ 13-14.

In addition, under the arrangement between named Plaintiffs and counsel, all expenses incident to class certification can be advanced to the named Plaintiffs by counsel for the Plaintiffs, with the named Plaintiffs remaining ultimately liable for such costs in the event that the Court rejects either the Settlement Agreement or Plaintiffs request and motion that the expenses involved in providing notice to the class be paid for by the Defendants. Brooke Decl., ¶ 9; Declaration of Robert J. Willis in Support of Joint Motion for Preliminary Approval of Collective Action and Class Action Settlement ("Willis Decl.") [DE 202-4], ¶¶ 2-3; *see Haywood*, 109 F.R.D. at 580 (approving such a cost advance arrangement).

Lastly, Robert Willis, Carol Brooke, and Clermont Ripley, counsel for the named Plaintiffs, are experienced counsel who have previously been counsel in class action litigation, including class litigation involving identical claims as asserted in the instant case. Brooke Decl., ¶ 6; Willis Decl., ¶¶ 6-10. *See also Covarrubias*. 2011

WL 2690531 at *7.

C.  **The Class Satisfies the Requirements of Rule 23(b)(3).**

Class certification under Rule 23(b)(3) requires that common issues of law or fact predominate over individual issues and that the class action be the superior method of dealing with the dispute. The factors used to make this determination are: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." Rule 23(b)(3), Fed. R. Civ. P. *See also Haywood*, 109 F.R.D. at 580-84, and 592-93.

The proposed class satisfies the requirements of (b)(3) for the reasons already stated above in the memorandum of law submitted in support of the Motion, [DE 206], as to Rule 23(a). *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 at 598 (2d Cir. 1986) (holding that satisfaction of Rule 23(a) "goes a long way toward satisfying the Rule 23(b)(3) requirement of commonality"). Based on the allegations in the Complaint, certification of the AWPA Class and the NCWHA Class #1 is appropriate under Rule 23(b)(3). The legal and factual issues described in paragraphs 146-51, 152-57, 158-63, of the Third Amended Complaint predominate over any individual issues of law and fact for any Plaintiff class member.

Class treatment of the legal issues identified in this case would also be superior to other procedures for the handling of the claims in question for a

number of reasons. No member of the AWPA Class or the NCWHA Classes has any necessary interest in individually controlling the prosecution of the claims at issue in this litigation. "Additionally, because of the relatively small amount of the wage claims in this case, no individual class member could have any reasonable financial capability to pursue this litigation on an individual basis." *See Gaxiola* 2011 WL 806792 at 12; *Hernandez Garcia* Order at 6.

In addition, no other litigation concerning this matter and filed by any of the parties involved in the present action is currently pending. Plaintiffs' and Defendants' counsel are not aware of any other litigation pending against Defendants besides this action. Furthermore, this Court has a substantial interest in the resolution of the issues raised in this litigation occurring in one forum. Because Plaintiff and members of the AWPA Class and the NCWHA Classes were all employed by the same corporate employer, Scott Farms, Inc., that maintained payroll records and employee data for the entire time period covered by the classes, the management of a class action under Rule 23(b)(3) in this matter should not present any difficulties.

## CONCLUSION

For the reasons set forth above, the parties Joint Motion for Certification of Settlement Classes is GRANTED.

This the 18th day of November, 2019.

_____
The Honorable Louise W. Flanagan
U.S. District Judge

13