IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO: 5:17-CV-356-FL

RICARDO MONDRAGON, EUSTORGIO )
ESPINOBARROS FELICIANO, )
JUAN CONTRERAS, CUTBERTO ORTIZ )
HERNÁNDEZ, ALEJANDRO JIMENEZ )
GONZALEZ, RENATO ROMERO )
ACUÑA, JOSÉ TAPIA, ANASTACIO )
LOPEZ SOLIS, and ABDON QUIRASCO )
SIXTECO, on behalf of themselves and all )
other similarly situated persons, )
                                                     )
            Plaintiffs, )
                                                     )
v. )
                                                     )
SCOTT FARMS, INC., ALICE H. SCOTT, )
LINWOOD H. SCOTT, JR., LINWOOD H. )
SCOTT III, DEWEY R. SCOTT, JFT )
HARVESTING INC., JUAN F. TORRES )
OASIS HARVESTING, INC., )
and RAMIRO B. TORRES )
                                                     )
            Defendants. )
                                                     )

**ORDER GRANTING FINAL APPROVAL OF COLLECTIVE ACTION AND CLASS ACTION SETTLEMENT**

       This matter comes before the Court to consider final approval of the parties' Settlement Agreement. DE 202-2. The parties have jointly requested the Court to approve the Settlement Agreement and have mutually agreed to the entry of this Order granting final approval of the settlement.

       Having reviewed the parties' Joint Motion for Preliminary Approval of Collective Action and Class Action Settlement, Joint Memorandum in support thereof, Defendants' declaration

1

documenting the distribution of the Class Notice (DE 215), Class Counsel's declaration that no written objections have been received (DE 216), and the representations of counsel for the party at the final approval hearing on January 21, 2020, the Court now FINDS, CONCLUDES, DECREES and ORDERS as follows:

(1) This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation, including all members of the certified classes.

(2) Neither the Settlement, nor the final approval order, nor the fact of a settlement, are an admission or concession by the Defendants of any liability or wrongdoing whatsoever.

(3) Counsel for the Plaintiffs have adequately represented Plaintiff class members to date.

(4) The Court granted preliminary approval of the Settlement and of the joint motion for class notice on November 18, 2019, DE 210 and 211, and Defendant provided timely notice to the class. Plaintiff class members have been provided proper and adequate notice of the terms of this Settlement Agreement, as well as the applicable dates and procedure by which to submit any objections. No such objections to the terms of the Settlement Agreement, or the Settlement Agreement's final approval by this Court, have been received from any Plaintiff class member.

**(5)** The terms of the Settlement are hereby approved, including the total settlement payments to the class outlined in the Settlement Agreement (DE 202) in the individual amounts listed in the Class Notice (DE 215-1 and 215-2), the total payment of $14,000 as incentive payments to the class representatives to be distributed as described in the parties' Memorandum, DE 204 at p.13, payment of $72,573.32 in attorneys' fees and $9,024.04 in costs to the North Carolina Justice Center, and

payment of $88,700.73 in attorneys' fees and $4,701.91 in costs to the Law Office of Robert J. Willis, P.A. As described in Paragraph 11 of the Settlement Agreement, for a three year period starting from 18 August 2019, during any time period(s) covered by any certified H-2A clearance order for H-2A workers at Scott Farms, Inc., Scott Farms, Inc. shall pay the Adverse Effect Wage Rate to all Scott Farms, Inc. employees who perform work included within the following job classifications:

**ONET SOC code 45-2092.00 – Farmworkers and Laborers, Crop, Nursery, and Greenhouse**

**ONET SOC Code 45-2091.00 – Agricultural Equipment Operators**

or any other ONET SOC code used on such certified H-2A clearance order(s) for H-2A workers who will perform work at Scott Farms, for any labor certification for temporary agricultural employment in the United States issued by the U.S. Department of Labor and/or any other agency of the government of the United States that may later assume responsibility for such certification. The obligation of Scott Farms, Inc. to pay the Adverse Effect Wage Rate for a particular agricultural season shall end if the petitioners for H-2A workers at Scott Farms declare contract impossibility pursuant to 20 C.F.R. § 655.122(o).

(6) After holding a fairness hearing on January 21, 2020, the Court finds that the Settlement is fair and adequate and a reasonable and equitable compromise of the claims in this case; that the Settlement is the result of extensive, arms-length bargaining between the parties, after Plaintiffs' Counsel had investigated the class claims and become familiar with the strengths and weaknesses of the case; that the class representatives have adequately represented the classes; that the Settlement is in

3

the best interest of the named Plaintiffs and of the classes they have been certified to represent; and that the Settlement falls within the range of reasonableness and of final approval.

SO ORDERED.

This the 24th day of January, 2020.

_____
United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Marshall Wall, Esq.
Laura Dean, Esq.
Andrew Jackson, Esq.

        This the 23rd day of January, 2020.

        /s/ Carol L. Brooke
        Carol L. Brooke, Esq.
        N.C. Bar No.: 29126